THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  *Plaintiff,*  v.  **$2,880.00 in U.S. CURRENCY,**  *Defendant in rem.* | Civil No. 15-01715 (MAJ) |

## OPINION AND ORDER

**I.   Introduction**

On December 23, 2014, United States Department of Homeland Security agents executed an arrest warrant against Luis Santana Mendoza ("Claimant") at his residence in Naguabo, Puerto Rico. (**ECF No. 2-1 at 13**). During his arrest, Claimant consented to a search of his residence, resulting in government agents seizing "forty-four (44) bills" in U.S. currency that amounted to $2,880.00. *Id*. Plaintiff, the United States (the "Government") filed a Civil Forfeiture Complaint on May 28, 2015, regarding the seized currency. (**ECF Nos. 2, 2-1**).[1] The Civil Forfeiture Complaint (the "Complaint") alleged the currency was subject to seizure and forfeiture "to enforce" the provisions of various statutes, including 18 U.S.C. §§ 1956(a)(1)(A), 1956(a)(1)(B), 1957, and 981(a)(1)(A). (**ECF No. 2 at 1-3**). Specifically, the Complaint alleged that the funds were involved in or traceable to money laundering transactions related to drug trafficking. *Id*.

Before the Court is Claimant's Motion to Dismiss and for Return of Property

---

[1]   On November 17, 2023, the Government filed a Notice of Publication. (**ECF No. 26**).

regarding the seized currency. (**ECF No. 36**). The Motion to Dismiss (the "Motion") seeks to dismiss the Complaint, arguing it fails under Rule G(2)(f) to offer "facts to support a reasonable belief" that the forfeited property was "proceeds from [] drug trafficking activity" or connected to "money laundering." *Id*. at 7. In addition, Claimant moves for dismissal, claiming violations of his due process rights stemming from the Government's purported failure to prosecute the case in a timely manner and failure to provide timely notice. *Id*. at 3, 31-37.

On February 1, 2024, during a Status Conference, the Government requested an extension of 30 days to respond to the Motion to Dismiss, citing ongoing settlement discussions. (**ECF No. 38**). The Court granted the request for extension of time to respond, setting the deadline for the Government's response to February 29, 2024. *Id*. The Government failed to respond by that deadline, thus the instant Motion is unopposed.

Following a review of the implications of the Government's failure to oppose the instant Motion, for the reasons detailed below, Claimant's Motion to Dismiss is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

## II.    Discussion

From the outset, the Court must determine the consequences of failing to oppose the instant Motion to Dismiss. In this District, failure to respond to a motion "renders a party susceptible to involuntary dismissal" under Federal Rule of Civil Procedure 41(b)[2] "for failure to prosecute." *Vega-Encarnación v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (cleaned up).[3]

---

[2]    In pertinent part, Rule 41(b) authorizes a district court to dismiss an action "for failure of the plaintiff to prosecute or to comply with . . . any order of the court."
[3]    "[I]t is well-settled law that courts can invoke their inherent power together with Fed. R. Civ. P. 41(b) to dismiss a case with prejudice when a party fails to comply with their orders." *Sánchez-Velázquez*

When a party fails to respond to a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the U.S. Court of Appeals for the First Circuit has clarified that depending on the wording of the specific local rules of the district court, dismissal may result from failure to oppose the motion. In *Jones v. Providence Pub. Sch.,* the First Circuit clarified that in:

> order for a dismissal for failure to respond to a Rule 12(b)(6) motion to stand in this circuit, the relevant local rule generally must impose a mandatory requirement to file an opposition *and/or* must warn that a plaintiff will be deemed to have waived arguments in opposition to dismissal if that plaintiff does not file an opposition to a Rule 12(b)(6) motion.

23-cv-1407, 2024 WL 1128034, at *1 (1st Cir. Mar. 11, 2024) (emphasis added). In *Jones*, the Court reviewed a district court's decision to dismiss an unopposed motion to dismiss in light of the district court's local rule. *Id*. There, the Court examined the District of Rhode Island's Local Rule 7(b), which states in relevant part that, "[a]ny party *may* file a response to a motion . . . the response must be filed within 14 days after service of the motion unless the Court shortens or extends the time." *Id*. at 2 (emphasis in original). The First Circuit found "the specific wording of USDC R.I. LR Cv 7(b)" did not "impose a mandatory requirement to file an opposition and/or" warn of waiving arguments. *Id*. The Court concluded that the plaintiff's "lack of a written opposition did not mean that she waived any objection to the motion for dismissal, such that the district court could grant the motion without attention to its substantive merits." *Id*.

In contrast, District of Puerto Rico Local Rule 7(b), states, "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be *deemed*

---

*v. Autonomous Municipality of Carolina*, 11-cv-1586, 2014 WL 4924495, at *3 (D.P.R. Sept. 30, 2014) (citing *Vázquez–Rijos v. Anhang*, 654 F.3d 122, 127 n. 12 (1st Cir. 2011)).

*to have waived objection.*" (emphasis added). This Court has previously noted that Local Rule 7(b) "expressly requires a party to respond to a motion should [she] desire not to waive any objections." *See Borinken Towing & Salvage v. Island Commodity Brokers, LLC*, 14-cv-01140, 2015 WL 13815458, at *1 (D.P.R. July 27, 2015).

In light of the standard put forth in *Jones*, D.P.R. Loc. Rule 7(b) is mandatory as it requires a party to respond to a motion or else waive objection. *See* 23-cv-1407, 2024 WL 1128034, at *1-2 (1st Cir. Mar. 11, 2024). Accordingly, this Court is authorized to dismiss a complaint for failure to respond to a Rule 12(b)(6) motion. *See id.*

To be clear, under Rule 12(b)(6) a court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default. *See Pinto v. Universidad De Puerto Rico,* 895 F.2d 18, 19 & n. 1 (1st Cir. 1990) (rejecting defendants' argument that "a court may, without notice, take a failure to respond to a motion to dismiss as a default, warranting dismissal irrespective of substantive merit."). However, under D.P.R. Loc. Rule 7(b), which expressly requires a response to a motion, the non-moving party is placed on notice that failure to respond to a 12(b)(6) motion could result in a procedural default. *See Pinto,* 895 F.2d at 19; *Borinken Towing & Salvage,* 2015 BL 523911, at *2. "In such cases, the local rule provides the basis for dismissal rather than Fed. R. Civ. P. 12(b)(6), which does not on its own terms require a response to a motion to dismiss." *Harriman v. Bolduc,* 22-cv-00264, 2023 WL 2162809, at *1 (D. Me. Feb. 22, 2023), *reconsideration denied,* 22-cv-00264, 2023 WL 4486297 (D. Me. July 12, 2023).

Since a district court has the authority to dismiss a complaint for failing to oppose a motion to dismiss, the Court must determine if that should warrant dismissal with prejudice. The Court is cognizant that "dismissal with prejudice is no benign sanction" and should be implemented in a "limited number of cases." *Sánchez-Velázquez v.*

*Autonomous Municipality of Carolina,* 11-cv-1586, 2014 WL 4924495, at *3 (D.P.R. Sept. 30, 2014).

For a dismissal with prejudice to stand, the plaintiff's misconduct must have been "extreme." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4–5 (1st Cir. 2002) (internal quotations and citation omitted) (stating "that the sanction of dismissal for want of prosecution is appropriate only when the plaintiff's misconduct has been extreme.") "Extreme misconduct" can range from "from protracted foot-dragging to defiance of court orders to ignoring warnings, among other aggravating circumstances." *Id*. "A classic example of an aggravating circumstance is a wasteful expenditure of the court's time." *Id*. Indeed, a district court can dismiss the case with prejudice when the plaintiff has a "'clear record of delay or contumacious conduct.'" *Rodríguez-Santana v. Hosp. Pavía Santurce*, 11-cv-1059, 2013 WL 1702546, at *2 (D.P.R. Apr. 19, 2013) (quoting *Richman v. General Motors Corp*, 437 F.2d 196, 199 (1st Cir. 1971)).

Here, the Court treats the Government's failure to timely respond to the instant Motion, as "a failure to prosecute" their action pursuant to Rule 41(b). *See Vega-Encarnación v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003); *Negrón–Gaztambide v. Hernández–Torres*, 35 F.3d 25, 26 n. 4 (1st Cir. 1994). Given that Local Rule 7(b), requires a response, the Court finds that the Government's failure to respond to Claimant's Motion within the specified deadline ordered by the Court constitutes a procedural default. *See Pinto* at 19; *Borinken Towing & Salvage*, at 2. Despite being granted an extension to respond, the Government failed to file an opposition or provide any explanation for its non-response. This absence of opposition, in conjunction with the Local Rule's explicit warning of waiver for failure to respond, justifies dismissal of the Complaint. *See Festa v. Cornier*, 05-cv-1940, 2007 WL 2331946, at *3 (D.P.R. Aug. 13,

2007) (finding defendants' motion to dismiss as unopposed under Local Rule 7(b) and dismissing case without prejudice pursuant to Rule 41(b) and Rule 4(m) for plaintiff's failure "to prosecute" and "comply with the[] rules" to "prevent undue delay in the disposition of pending cases [] and docket congestion.")

However, while the Government's conduct is construed as a failure to prosecute, it does not necessarily meet the standard for "extreme misconduct." *See Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 n.1 (1st Cir. 2004) ("[w]hile a district court retains discretion to dismiss a plaintiff's action under Fed. R. Civ. P. 41(b) for failure to prosecute, lack of response to a motion to dismiss does not, without more, justify this severe sanction."). The Government requested an extension of time to oppose the instant Motion which came and went without a response. This conduct certainly "wastes" the Court's time. However, the Court has not observed a continuous record of "foot-dragging" by the Government that would warrant the severe sanction of dismissal with prejudice. *See Chamorro*, 304 F.3d 1, 4–5.

Nevertheless, in accordance with Rule 41(b) and Local Rule 7(b) the Court concludes dismissing the Complaint in the face of the unopposed Motion to Dismiss would not offend the principles of equity. *See Reyes v. Caribbean*, 12-cv-1570, 2015 WL 13608099, at *1 (D.P.R. Aug. 18, 2015) (holding that granting the unopposed motion to dismiss "would not injure equity" as provided by Local Civil Rule 7, leading to the dismissal of the case without prejudice).

### III. Conclusion

For the reasons stated above, Claimant's Motion to Dismiss is **GRANTED**. (**ECF No. 36**). The Civil Forfeiture Complaint against $2,880.00 in U.S. currency is **DISMISSED** *without prejudice*. (**ECF No. 2**). Accordingly, the seized funds of

$2,880.00 are to be **RETURNED** to Claimant Luis Santana Mendoza.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of May, 2024.

>  */s/ María Antongiorgi-Jordán*
> **MARIA ANTONGIORGI-JORDÁN**
> **UNITED STATES DISTRICT JUDGE**